**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JESUS MAGANA AND LUZ MAGANA §<br>INDIVIDUALLY AND AS §<br>REPRESENTATIVE OF THE ESTATE §<br>OF ZENIA JUDITH MAGANA, §<br>DECEASED; §<br>§<br>    Plaintiffs, §<br>§<br>VS. §<br>§<br>TOYOTA MOTOR CORPORATION, §<br>§<br>    Defendant. § | CIVIL ACTION NO. _____ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

COMES NOW, JESUS MAGANA AND LUZ MAGANA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ZENIA JUDITH MAGANA, DECEASED (hereinafter referred to as "Plaintiffs"), and respectfully file this Original Complaint against TOYOTA MOTOR CORPORATION, (hereinafter referred to as "Defendant"), and in support hereof would state and show the following:

**A. Parties**

1. Plaintiffs Jesus Magana and Luz Magana are the surviving parents of Zenia Judith Magana. They reside in and are citizens of Frisco, Texas.

2. Defendant Toyota Motor Corporation is a foreign Corporation doing business in Texas, and service of process upon this Defendant may be had by serving its president, Shoichiro Toyoda, at 1 Toyota-Cho, Toyota, 0471, Japan.

**B. Jurisdiction**

3.     This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.  The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## C.  Facts

4.     On May 27, 2010, Zenia Judith Magana was driving a 2006 Toyota Matrix (VIN # 2T1KR32E65C374702), traveling northbound on the Dallas North Tollway, at the Gaylord exit ramp in Collin County, Frisco, Texas, when she lost control of the vehicle and ultimately rolled over.

5.     At the time of the accident, Zenia Judith Magana was properly wearing her three point seat belt.

6.     However, despite being properly restrained, Zenia Judith Magana sustained fatal injuries when her vehicle failed to protect her.

## D.  Cause(s) of Action as to Defendant Toyota Motor Corporation

7.     It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

8.     The injuries and damages complained of herein occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents.  The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

9.     Defendant designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning

of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew of the following defects:

    a.    the vehicle violated principles of crashworthiness in that the roof structure came into the survival space;
    b.    the roof was weak, inferior and inadequate;
    c.    the roof structure rendered the other safety systems ineffective;
    d.    the roof structure failed to stay upright and compromised the survival space;
    e.    Defendant failed to conduct drop testing to evaluate the roof;
    f.    Defendant failed to conduct rollover testing to evaluate the roof;
    g.    Defendant failed to provide adequate and reasonable occupant protection in the event of a rollover.

10.    Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the vehicle in question.

11.    The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Zenia Judith Magana's serious injuries.

12.    The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

### E.  Damages to Plaintiffs

13.    As a result of the acts and/or omissions of Defendant, Zenia Judith Magana suffered disfigurement, conscious physical and emotional pain, torment, mental anguish, and/or emotional distress prior to her death, and these injuries survive her death through her estate.

14.    As a result of the acts and/or omissions of Defendant, Plaintiffs Jesus Magana and Luz Magana have suffered past and future:  loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of

companionship and society, emotional distress, and mental anguish as a result of the fatal injuries to Zenia Judith Magana.

15. As a result of the acts and/or omissions of Defendant, Plaintiffs have become obligated to pay reasonable and necessary funeral, and burial expenses as a result of the fatal injuries to their daughter, Zenia Judith Magana.

16. The above and foregoing acts and/or omissions of Defendant, resulting in the fatal injuries to Zenia Judith Magana, have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

### F. Prayer

17. For the reasons presented herein, Plaintiffs pray that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendant for:

    a. actual damages;
    b. prejudgment and post-judgment interest beginning May 27, 2010;
    c. costs of suit; and
    d. all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

 /s/E. Todd Tracy_____
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
I. Scott Lidji
State Bar No. 24000336
slidji@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, TX  75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFFS**