Rx Date/Time OCT-15-2010(FRI) 16:38 P.002
10/15/2010 16:58 FAX ☒0002/0007
OCT-15-2010 14:59 HDBDK LLP P.002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| JESUS MAGANA AND LUZ MAGANA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ZENIA JUDITH MAGANA, DECEASED, § § § § § § Plaintiffs, § § v. § § TOYOTA MOTOR CORPORATION, § § Defendant. § § | CIVIL ACTION NO. 3:10-cv-01451-B |

## JOINT STATUS REPORT

**TO THE HONORABLE COURT:**

Pursuant to the Court's Order signed September 27, 2010, counsel for Plaintiffs Jesus Magana and Luz Magana, individually, and as representative of the estate of Zenia Judith Magana, deceased, and counsel for Defendant, Toyota Motor Corporation ("TMC"), hereby submit this Joint Status Report:

### A.
### CONFERENCE

Pursuant to the Court's Status Report Order, counsel for Plaintiffs and counsel for Defendant conducted a conference on October 12, 2010. The meeting was held for the purpose of discussing the nature and basis of the claims and defenses of each party, the possibilities of settlement of this case, and the development of proposed deadlines as ordered by the Court.

10/15/2010 FRI 15:10 [TX/RX NO 7958] ☒002

Rx Date/Time OCT-15-2010(FRI) 16:38 P.003
10/15/2010 16:59 FAX Case 3:10-cv-01451-B Document 12 Filed 10/18/10 Page 2 of 6 PageID 57 ☒0003/0007

OCT-15-2010 14:59 HDBDK LLP P.003

## B.
## REPORT

1. **A brief statement of the nature of the case, including the contentions of the parties.**

**Basic facts:**

On May 27, 2010, Zenia Judith Magana ("Decedent") was driving a 2005 Toyota Matrix (the "Matrix") northbound on the Dallas North Tollway at the Gaylor exit ramp in Collin County, Frisco, Texas. Magana attempted to enter exit ramp, struck a ditch in the median, rolled several times, and came to rest on the northbound shoulder of Dallas North Tollway.

**Plaintiffs' claims:**

This lawsuit has been brought by Jesus Magana and Luz Magana, individually and as representative of the Estate of Zenia Judith Magana. Plaintiffs assert causes of action against Toyota based on strict liability and negligence. Specifically, the Plaintiffs allege the Matrix was not reasonably crashworthy and was not reasonably fit for unintended, but foreseeable accidents. Plaintiffs allege the following defects in the Matrix: (1) the roof structure came into the survival space; (2) the roof was weak, inferior, and inadequate; (3) the roof structure rendered other safety systems ineffective; (4) the roof structure failed to stay upright and compromised the survival space; (5) TMC failed to conduct drop testing; (6) TMC failed to conduct rollover testing; and (7) TMC failed to provide adequate and reasonable occupant protection in the event of a rollover.

**Defendant's denials:**

Defendant denies any allegation that subject vehicle is defective for any reason. Specifically, Defendant denies that the vehicle is unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested. Defendant contends that the vehicle was well designed and manufactured, thoroughly tested, and complied with the applicable FMVSS. Defendant also specifically denies that the vehicle had a defective or inadequate roof structure.

Further, Defendant alleges that the accident and any alleged injuries were caused by the negligence of persons or entities over whom TMC had no control, including but not limited to the Decedent.

**2.      Any challenge to jurisdiction or venue.**

Defendant has filed a Motion to Transfer Venue to the Eastern District of Texas, Sherman Division, where the accident in question occurred. Plaintiffs have filed a Response to Defendant's Motion to Transfer Venue in opposition to Defendant's motion.

**3.      Any pending or contemplated motions and proposed time limits for filing motions.**

The Court currently has before it Defendant's Motion to Transfer Venue to the Eastern District Court of Texas, Sherman Division. Parties propose that propose that no dispositive motions be filed after January 16, 2012.

**4.      Any matters which require a conference with the court.**

None at this time.

**5.      Likelihood that other parties will be joined.**

At this time, Plaintiffs and Defendant do not anticipate any further parties to be joined.

**6.      (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

(a) Discovery should continue until January 9, 2012.

(b) Discovery will be needed on numerous subjects, including but not limited to: the relationship of the Plaintiffs to the Decedent; Decedent's personal background and driving history; the title history and repair history of the vehicle in question; factual discovery regarding the accident in question; inspection of the vehicle by expert witnesses to ascertain whether Plaintiffs' allegations of defects are supported; expert reports and depositions; and evidence supporting Plaintiffs' alleged injuries.

Rx Date/Time OCT-15-2010(FRI) 16:38 P.005
10/15/2010 17:00 FAX Case 3:10-cv-01451-B Document 12 Filed 10/18/10 Page 4 of 6 PageID 59 ☒005/0007

OCT-15-2010 15:00 HDBDK LLP P.005

(c) Discovery should not be conducted in phases or limited to or focused upon particular issues.

7. Any issues related to discovery or discovery of electronically stored information, including the forms or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced;

None.

8. Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether they will be asking the Court to include their agreement in an order;

None.

9. What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed;

No further limitations are currently necessary.

10. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c);

The parties are currently aware of none.

11. Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2);

The parties propose the following dates:

(a) Plaintiffs shall have until January 9, 2012, to amend their pleadings and join other parties. Defendant shall have until January 16, 2012, to amend its pleadings and join other parties.

(b) Parties shall have until January 16, 2012, to file any dispositive motions.

(c) Discovery will be completed by January 9, 2012.

(d) Plaintiffs shall designate their experts and make such disclosures as required by Rule 26(a)(2) by September 5, 2011. Defendants shall designate their experts and make such disclosures as required by Rule 26(a)(2) by October 7, 2011.

12. Requested trial date, estimated length of trial, and whether jury has been demanded;

Rx Date/Time OCT-15-2010(FRI) 16:38 P.006
10/15/2010 17:00 FAX Case 3:10-cv-01451-B Document 12 Filed 10/18/10 Page 5 of 6 PageID 60 @0006/0007

OCT-15-2010 15:00          HDBDK LLP                                                    P.006

The parties anticipate this matter can be ready for trial by **February 6, 2012**. The estimated length of trial for this matter is ten (10) days. Defendant TMC has demanded a jury.

13. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c);**

The parties do not consent to trial before a magistrate judge.

14. **Progress made toward settlement, and the present status of settlement negotiations;**

The parties met and discussed the possibility of settlement, including Plaintiffs' claims and alleged damages and Defendant's asserted defenses. It became clear during these discussions that at this time neither Plaintiffs nor Defendant has sufficient evidence available to confidently and productively participate in settlement negotiations. Parties agreed to resume settlement discussions once further discovery had been completed.

15. **What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* it would be most effective; and**

The parties believe mediation would be the most appropriate alternative dispute resolution technique, however, at this point, it is too early to make an evaluation as to whether mediation will be fruitful. If at all, mediation will be effective only after September 5, 2011.

16. **Any other matter relevant to the status and disposition of this case.**

None.

Rx Date/Time      OCT-15-2010(FRI) 16:38                                                                      P.007
10/15/2010 15:013 FAX  Case 3:10-cv-01451-B   Document 12   Filed 10/18/10   Page 6 of 6   PageID 61  ☒0007/0007

OCT-15-2010 15:00          HDBDK LLP                                                                          P.007

Respectfully submitted,

E. TODD TRACY
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
I. SCOTT LIDJI
State Bar No. 24000336
slidji@vehiclesafetyfirm.com

THE TRACY FIRM
5473 Blair Road, Suite 200
Dallas, TX 75231
(214) 324-9000
(972) 387-2205 (fax)
ATTORNEY FOR PLAINTIFFS
JESUS MAGANA AND LUZ MAGANA,
INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
ZENIA JUDITH MAGANA

KURT C. KERN
State Bar No. 11334600
kkern@hdbdk.com
CARY A. SLOBIN
State Bar No. 00797445
cslobin@hdbdk.com
JOSHUA D. TERRY
State Bar No. 24060710
jterry@hdbdk.com

HARTLINE, DACUS, BARGER, DREYER
& KERN, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 369-2100
(214) 369-2118 (fax)
ATTORNEYS FOR DEFENDANT
TOYOTA MOTOR CORPORATION