UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS MAGANA & LUZ MAGANA *individually and as representative of the estate of Zenia Judith Magana, deceased,* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-1451-B |
| TOYOTA MOTOR CORPORATION, | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Toyota Motor Corporation's Motion to Transfer Venue (doc. 10), filed October 4, 2010. For the reasons stated below, the Court finds that Defendant's Motion should be and hereby is **DENIED**.

### I.

### BACKGROUND

This action arises out of an automobile accident occurring in Collin County, Texas. (Pls.' Orig. Compl. 2). Plaintiffs' daughter lost control of her vehicle while travelling Northbound on the Dallas North Tollway at the Gaylord Parkway exit ramp. (*Id.*). Plaintiffs, residents of Collin County, filed the instant suit on July 23, 2010, alleging claims against Defendant Toyota Motor Corporation ("Toyota"), the manufacturer of the vehicle she was driving. (*Id.*). Toyota is a foreign Corporation doing business in Texas. (*Id.* at 1).

On October 4, 2010, Defendant filed the instant Motion, seeking a transfer of this cause to the Eastern District of Texas, Sherman Division. (Def.'s Mot. to Transfer Venue 1). In support of its Motion, Defendant argues the Plano Annex of the Sherman Division is a more convenient forum than the Dallas Division, citing the proximity of the Plano Annex to the scene of the accident, potential sources of proof, and potential witnesses. (*Id.* at 6-10). Plaintiff opposes the transfer, arguing that Defendant has not presented "discovery, affidavits, or other proof containing detailed factual statements" in support of their Motion. (*See generally* Pls.' Resp.).

## II.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a) a district court may transfer a civil action to another district or division where the action could have been brought originally, provided the transfer would be for "the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). The burden falls upon the movant to demonstrate why the alternate venue is more appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007). To meet this burden, the movant must first prove that the plaintiff could have originally filed his complaint in the transferee venue. *In re Volkswagen*, 545 F.3d at 312; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Next, the defendant must show good cause as to why the action should be sent to the transferee venue. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). "[T]o show good cause means the moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties

and witnesses, and in the interest of justice.'" *In re Volkswagen*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)).

In assessing the interests of convenience and justice, courts look to a series of private and public factors. *In re Volkswagen*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* If the transferee venue "is no more convenient than the chosen [venue], the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *In re Volkswagen*, 545 F.3d at 315.

## III.

## ANALYSIS

Toyota requests a transfer to the Sherman Division of the Eastern District of Texas. As set forth above, to obtain such relief Toyota must first show that Plaintiffs could have originally filed this suit in the Eastern District o f Texas. The parties do not dispute that the Sherman Division of the Eastern District would have been a proper forum. Thus, the only issue before the court is whether

granting a transfer would serve the interests of convenience and justice. The Court will first analyze the relevant private interest factors, and subsequently address the proper public interest factors.

A.  *Private Factors*

    i.    <u>Cost of Attendance for Witnesses</u>

Toyota argues that because the accident site and the likely location of witnesses are all within Collin County, the cost suffered by willing witnesses will be less in the Sherman Division than the Dallas Division. Plaintiffs respond that Toyota has failed to specify the identity and location of its potential witnesses, and thus its motion is defective. (Pls.' Resp. 3-4).

Toyota admits that the cost of attendance for willing witnesses "is probably the single most important factor in transfer analysis." (Def.'s Mot. Transfer Venue 7). At the same time, Toyota's Motion to Transfer Venue does not provide the name or address of a single potential witness in this case. It is well established that "[t]he party seeking transfer must specify . . . clearly the key witnesses to be called and their location and must make a general statement of what their testimony will cover." 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3851 (3d ed. 2007); *see Citicapital Commercial Corp. v. First Nat'l Bank of Fort Smith*, Cause No. A3:04-CV-0302-B, 2005 WL 856886 (N.D. Tex. 2005) (citing *SMI-Owen Steel Co. v. St. Paul Fire & Marine Ins. Co.*, 113 F.Supp.2d 1101, 1104 (S.D. Tex. 2000)). Defendant has failed to satisfy its burden by not providing the name, address, or proposed testimony of a single witness, and thus this important factor does not weigh in its favor.

In fact, this factor actually weighs in Plaintiff's favor. Although Defendant requests a transfer to the Plano Annex of the Sherman Division of the Eastern District, there is nothing in the parties' briefing or the record to indicate that once transferred to the Sherman Division, the case will

necessarily be sent to the Plano Annex. Even if the potential unnamed witnesses do live and work closer to the Plano Annex than this Court, it is unclear whether or not this case would actually end up being adjudicated in Sherman, not Plano. Any witness living close to the accident scene would live twice as far from Sherman than Dallas.[1] Accordingly, this factor slightly favors Plaintiffs, if it favors any party at all.

    ii.    <u>Access to Sources of Proof</u>

Toyota also insists that transfer is proper because adjudication in the Sherman Division will provide easier access to sources of proof. In support of their position, Toyota argues that Plaintiffs reside in the Sherman Division, police and paramedics from within the Sherman Division responded and took action after the accident, the Toyota vehicle involved in the accident was most likely purchased in the Sherman Division, the accident itself occurred in the Sherman Division, and the records pertaining to the accident are located in the Sherman Division. (Def.'s Mot. to Transfer Venue 1). Plaintiffs do not directly respond to Defendant's arguments. (*See generally* Pls.' Resp.).

Once again, Toyota's arguments revolve around an assumption that this case would be automatically transferred to the Plano Annex of the Sherman Division. This Court simply cannot make such an assumption where Defendant bears the burden of proving another forum is clearly more convenient and nothing in the parties' briefing or the record indicates that this Court could ensure a transfer to the Plano Annex. If this case were to proceed before a judge in Sherman, this factor would once again disfavor transfer because Dallas is closer to Defendant's alleged sources of proof. Thus, this factor also weighs in Plaintiffs' favor.

---

[1]The accident scene is forty-seven miles from the Sherman Courthouse and twenty-three miles from the Dallas Courthouse.

The Court notes in passing that even if it could somehow transfer the case directly to the Plano Annex, the "access to sources of proof" factor still weighs only slightly in favor of Defendant, if at all. For one, the residency of Plaintiffs goes more to their being a witness, as already discussed above. Similarly, the fact that police and paramedics from within the Sherman Division responded to the accident also goes more towards their being potential witnesses. As discussed above, because Defendant has not provided the names or addresses of any potential witness, it is unknown whether they actually reside in the Eastern District or just work there. In terms of the purchase of the vehicle, while Defendant *believes* the Toyota Matrix was purchased in the Sherman Division, this is not a certainty, and even if true, it is unclear what proof will be obtained and how adjudication in the Sherman Division will make access to this proof any easier. The fact that the accident occurred in the Sherman Division is a general statement that says nothing about access to sources of proof not dealt with by Toyota's other arguments.

The fact that the records pertaining to the accident are located in the Sherman Division would weigh in Defendant's favor (again, assuming transfer could be made to the Plano Annex). However, the Court is unable to determine the weight it should afford access to these records because it is unclear what records Defendant is referring to, where those records are located, and how production of the records would be any easier if adjudication proceeded in the Sherman Division instead of Dallas. Thus, even if the Court could assume the case would proceed in Plano and not Sherman, this factor would only slightly favor Defendant, if at all.

iii. <u>Availability of Compulsory Process to Secure Attendance of Witnesses</u>

This factor is a non-issue because the parties agree that the majority of non-party witnesses in this case reside either within one hundred miles of both the Dallas and Sherman Divisions or farther than one hundred miles from either.

iv. <u>All Other Practical Problems</u>

The parties have raised no other practical problems, and thus the Court does not weigh this factor.

B. *Public Factors*

i. <u>Administrative Difficulties</u>

Toyota argues that this factor should be neutral because there is no indication that this case will contribute to congestion in either the Northern or Eastern Districts. (Def.'s Mot. Transfer Venue 9). Plaintiff appears to agree. (Pls.' Resp. 7). In determining whether one court's docket is more congested than another's, courts often look to the Federal Judicial Caseload Statistics. *See, e.g.*, *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009); *Barton v. Young*, 144 F. Supp. 2d 685, 689 (E.D. Tex. 2001); *Cypress/Spanish Fort I, L.P. v. Prof'l Servs. Indus.*, No. 10-CV-1507-B, 2010 WL 3766882, at *3 (N.D. Tex. Sept. 27, 2010). The most recent statistics (as of December 31, 2009) indicate that the Northern District's docket is actually less congested than the Eastern District's docket. *See* Table C-5, U.S. District Courts–Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending December 31, 2009, http://www.uscourts.gov/uscourts/Statistics/StatisticalTables ForTheFederalJudiciary/2009/dec09/C05Dec09.pdf (last visited Dec. 3, 2010). While the average case reaches final disposition in 10.5 months in the Eastern District, the average in the Northern

District is 6.8 months. Furthermore, while the average case that proceeds to trial in the Eastern District lasts 26.1 months, the median in the Northern District is 19.0 months. Although the Court does not find these differences to be substantial and does not afford this factor much weight, it does weigh slightly in Plaintiffs' favor. *See In re Genentech*, 566 F.3d at 1347 ([T]his factor appears to be the most speculative . . . and case-dispositive statistics may not always tell the whole story.").

    ii.     Local Interest

Toyota argues that this factor weighs "strongly" in favor of transfer because a majority of the events giving rise to this suit occurred in the Eastern District of Texas. Plaintiffs do not directly respond to Defendant's arguments. Once again, however, there is nothing in the parties' briefing or in the record indicating that a transfer to the Sherman Division will necessarily result in the case being assigned to the Plano Annex. Neither can the Court cannot assume that a potential panel of jurors will be pooled from the counties surrounding the accident scene, rather than from the whole Sherman Division. Given the proximity of the location at which the complained of events unfolded to Dallas relative to Sherman, this factor only weighs slightly in favor of the transfer. *See Hovanas v. American Eagle Airlines, Inc.*, No. 3:09-CV-209-B, 2009 WL 980111, at *3 (N.D. Tex. Apr. 8, 2009).

    iii.    Familiarity with Governing Law

The parties do not argue that this factor weighs in either's favor.

    iv.    Avoidance of Unnecessary Conflict of Laws

The parties do not argue that this factor weighs in either's favor.

## IV.

## CONCLUSION

Weighing the factors in this case, the Court finds that Toyota has failed to satisfy its burden of showing that the Eastern District of Texas, Sherman Division would be "clearly more convenient." *In re Volkswagen*, 545 F.3d at 315. Accordingly, the Court **DENIES** Defendant Toyota Motor Corporation's Motion to Transfer Venue (doc. 10).

**SO ORDERED.**

**DATED December 6, 2010**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE